## Case No. 13,007.

SMITH v. AVERILL.

[7 Blatchf. 29; [1] 9 Am. Law Reg. (N. S.) 47; 3 Am. Law T. Rep. U. S. Cts. 1; 10 Int. Rev. Rec. 139, 156; 2 Chi. Leg. News, 57.]

Circuit Court, N. D. New York. Oct., 1869. [2]

INTERNAL REVENUE — FORFEITURE — CERTIFICATE OF REASONABLE CAUSE—ACTION AGAINST MARSHAL—RETURN OF PROPERTY.

1. Under the eighty-ninth section of the act of March 2, 1799 (1 Stat. 695), and the first section of the act of February 24, 1807 (2 Stat. 422), the fact that a certificate of reasonable cause of seizure was made in a case where a judgment was given for the claimant of property seized, on the trial of the prosecution on account of the seizure, is no defence to an action brought by such claimant against the officer who seized it, to recover its value, where it has not been returned to such claimant.

2. It was not necessary for such claimant to demand the return of such property before bringing an action against the seizing officer to recover its value.

3. Although the marshal took possession of the property when the prosecution was instituted, and held possession of it until the judgment was given, it was the duty of the seizing officer then to return the property.

This was an action [by Jarvis R. Smith] to recover the value of property seized by

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Reversed in 17 Wall. (84 U. S.) 82.]

the defendant [Oscar J. Averill], as a collector of internal revenue, for an alleged violation of the internal revenue act. The question of forfeiture was tried in the district court, upon an information founded up-on such seizure, and a verdict was found for the present plaintiff, who appeared as claimant in that proceeding; and thereupon a certificate of probable cause was granted by that court. The property seized was placed in a warehouse, by the defendant's direction, soon after the seizure; and it still remained there at the time of the trial in this court. The judgment of the district court was, that the property had not been forfeited, and that it should be discharged, but it was never returned to the claimant, the present plaintiff, who was the lawful owner of all the property so seized. The warehouseman, who held the property seized, testified, on the trial, that he still held the same; that no one had been there to take possession of it; that he had charges against the defendant for holding and storing the property; that the United States marshal had never notified him that he had taken possession of the same; and that he had no notice from any one of such possession by the marshal. The defendant testified, that the property was taken in possession by the marshal, who showed him the order for taking possession of it, in May, 1868, and that he had never heard of or seen it since; but the other proofs showed that it had remained in the warehouse, where it was placed by the defendant's order, down to the time of the trial, and had never been removed by the marshal, if he ever took, or ever attempted to take, formal possession of the same. On the cross-examination of the defendant, he stated that he never saw the property after it was seized. The marshal's return to the warrant of arrest and monition stated, that he had attached the property and given the proper notices; but the proof showed that he had not removed it from the warehouse where it was deposited by the defendant's order, and there was no proof that he had in any way interfered with the possession of the property by the warehouseman, as the bailee of the defendant. A verdict was taken for the plaintiff, subject to the opinion of the court.

Church, Munger & Cooke, for plaintiff.

William Dorsheimer, Dist. Atty., for defendant.

HALL, District Judge. It will be assumed, for the purposes of the present controversy, that the return of the marshal is conclusive; and that, either by the endorsement and delivery to him of the warehouse receipt for the property, or otherwise, he properly executed his process, and afterwards held the property under legal arrest until it was discharged by the judgment of the district court, or that it was so held by the collector, after the marshal's seizure, as the legal custodian, under the act of congress. [A verdict was taken for the plaintiff, subject to the opinion of the court; and the counsel for the respective parties have submitted the case upon their written briefs.] [8]

The important question now to be determined is, whether the certificate of reasonable cause, granted by the district court, is a good defence to this action, as the property seized was never returned, or offered to be returned, to the owner. In a case of municipal seizure, like that complained of in this case, probable and reasonable cause is no defence, except where some statute creates and defines the exemption from damages. The Apollon, 9 Wheat. [22 U. S.] 362, 373. But, in prize cases, the captors, if there be probable cause, are entitled, as of right, to an exemption from damages (Id. 372, 373); and, therefore, decisions made in prize cases are of no authority in respect to the present question, which depends entirely upon the construction of acts of congress.

In this case, the exemption from damages is claimed under the first section of the act of February 24, 1807 (2 Stat. 422), and the eighty-ninth section of the act of March 2d, 1799 (1 Stat. 695); and each of those sections contains a provision that the property seized must be returned. The provisions of those sections, in respect to the question now presented, are substantially the same; and that contained in the act of 1807 reads as follows: "When any prosecution shall be commenced on account of the seizure of any ship or vessel, goods, wares, or merchandise, made by any collector or other officer, under any act of congress authorizing such seizure, and judgment shall be given for the claimant or claimants, if it shall appear to the court before whom such prosecution shall be tried, that there was a reasonable cause of seizure, the said court shall cause a proper certificate or entry to be made thereof; and, in such case, the claimant or claimants shall not be entitled to costs, nor shall the person who made the seizure, or the prosecutor, be liable to action, suit, or judgment on account of such seizure and prosecution; provided, that the ship or vessel, goods, wares, or merchandise, be, after judgment, forthwith returned to such claimant or claimants, his, her, or their agent or agents." It was insisted, by the plaintiff's counsel, that, under this section and proviso, the certificate of reasonable cause is no defence, because the property was not returned; and he cited in support of his position, the case of Holt v. Hook, 14 Mass. 210, decided in the supreme judicial court of Massachusetts, by Chief Justice Parker, and Justices Thatcher, Putnam, and Wilde, in 1817. The property in controversy in that case had been seized and libelled, and then sold, pendente lite, under the order of the district court. After it had been sold the cause was tried, and Hoit, the plaintiff, as the then claimant, had a verdict. The district judge thereupon decreed that the prop-

---

erty was not liable to forfeiture; that there was reasonable cause for the seizure; that $384.43, for the expenses which had been incurred for the custody and sustenance of the cattle seized, should be deducted from the proceeds of sale; and that the residue, $151.57, should be paid to the claimant. A verdict having been taken for the plaintiff in the state court, subject to the opinion of that court upon the facts stated, the question whether the certificate and decree of the district court were a defence was argued, and the court decided, that the certificate of reasonable cause could operate as a bar to an action only when the property was restored, according to the proviso in the statutes above referred to, and ordered judgment for the plaintiff on the verdict. This case seems to be directly in point; and it was decided by judges of the highest character for learning and ability.

It was insisted, however, by the attorney for the United States, who appeared for the defendant, that he should not be held responsible, by reason of the non-return of the property seized, because (1) the plaintiff had never made a demand upon the collector for the return of the property; (2) the collector did not have the possession of the property after the filing of the information, the marshal having taken possession of it under the process of the court, and the collector having no longer any control of the property, was not liable therefor. For this, he cited Burke v. Trevitt [Case No. 2,163]; The Maria, 4 C. Rob. Adm. 348; Shattuck v. Maley [Case No. 12,714]. He also insisted that the plaintiff, failing to obtain possession of his property, should have applied to the district court, which had power to compel a re-delivery of the property, or its value, into the possession of those who might be entitled to it. To maintain this position, he cited Slocum v. Mayberry, 2 Wheat. [15 U. S.] 1; Gelston v. Hoyt, 3 Wheat. [16 U. S.] 246; Burke v. Trevitt, ubi supra. The cases cited do not sustain these positions or weaken the authority of the case of Hoit v. Hook. In the case of Burke v. Trevitt there had been no information filed against the property in respect to which a recovery was claimed; and, of course, there was no certificate of probable cause. The owner of the property failed to recover because he failed to make out the trespass or taking alleged. The case of The Maria was a case of capture as an alleged prize, jure belli, and, as has been before stated, such cases have no application to the present question. In the cases of Shattuck v. Maley and Slocum v. Mayberry there had been no trial or certificate of reasonable cause; and in Gelston v. Hoyt there had been a trial, but a certificate of reasonable cause had been refused by the district court. In short, these authorities are not applicable to the present case.

It was insisted, however, that, the property having been arrested by the marshal, under the warrant of arrest, it was no longer in the custody of the defendant; that it was the duty of the marshal to return the property; that,

if he failed to do so, the plaintiff should have applied to the district court to compel the marshal to return the property; and that the defendant was not liable for the marshal's default.

It is quite certain that it was not the duty of the marshal to make return of the property to the claimant; and that the district court could only require him to release the property from the arrest. But, if it were the duty of the marshal to make the return, and the court had power to require him to perform such duty, it would, nevertheless, be very doubtful, to say the least, whether the marshal's neglect of duty would not prevent the statute from operating as a protection to the defendant. The return of the property forthwith after judgment, is a condition precedent to the exemption from liability declared by the statute; and it is clear that it was the intention of congress that a failure to make such return should fix the liability of the seizing officer. If the marshal has neglected his duty, to the injury of the seizing officer, the latter must seek his remedy against the marshal; and, if any application to the district court was necessary to secure such return, it was the defendant's duty, and not that of the plaintiff, to take care that such application was made, in order to secure the protection of the statute. But the marshal had no such duty imposed upon him in this case; and the defendant was liable to the warehouseman for storage, for which the latter could probably retain the possession of the property, at least as against the defendant, and, perhaps, as against the plaintiff, and against the marshal, after the order or judgment of the district court that the property should be discharged, and that there was reasonable cause for the seizure.

The plaintiff must have judgment upon the verdict.

[This judgment was reversed by the supreme court, where it was carried on writ of error. 17 Wall. (84 U. S.) 82.]